## MONTE v. DUNKLEY.

---

PATENTS; INTERFERENCE; CONSTRUCTION OF CLAIMS.

1. A party will not be permitted to narrow a claim to meet the exigencies of a particular situation. (Following *Geltz* v. *Crozier,* 32 App. D. C. 324, and *Kirby* v. *Clements,* 44 App. D. C. 12.)

2. In reading a claim for the purpose of construing it, the specifications and drawings must be considered. (Following *Andrews* v. *Nilson,* 27 App. D. C. 451.)

3. Where the counts of the issue in an interference call for a process of peeling fruits and vegetables consisting of subjecting them to a bath of a disintegrating solution for the purpose of loosening the skin and then subjecting them to the action of fluid sprays and co-ordinately imparting motion to them, the counts will be satisfied by a construction in which the water jets enter into the operation of removing the skins whether they be employed exclusively to remove the skin or not, especially where the machine of the party seeking a construction limiting the counts to a removal of the skins by water jets only, shows a shaking table or endless wire belt to which the fruit and vegetables are to be advanced after leaving the solution tank.

No. 1070. Patent Appeals. Submitted November 20, 1916. Decided February 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. T. Walter Fowler* for the appellant.

*Mr. F. L. Chappell, Mr. Otis A. Earl,* and *Mr. Wm. S. Hodges* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Virginia J. Monte, administratrix of the estate of Cipriano D. Monte, from a decision of the Commissioner of Patents in an interference proceeding in which priority was awarded the appellee, Samuel J. Dunkley.

The claims of the issue read as follows:

"1. The process herein described of peeling fruits and vegetables, which process consists in subjecting the fruit or vegetable to a bath of disintegrating solution for the purpose of loosening the skin thereof and then passing the fruit into the range of action of hydraulic sprays of sufficient force to remove the loosened skin.

"2. The process herein described of peeling fruits and vege-
tables, which process consists in subjecting the fruit or vegetable
to the action of a disintegrating solution having the capacity to
disintegrate and loosen the skin thereof, and then subjecting
the fruit or vegetable so treated to the action of fluid sprays and
substantially co-ordinately therewith imparting motion to the
fruit or vegetable."

The present application of Dunkley is a division of an appa-
ratus application which was before us in *Dunkley* v. *Beekhuis,*
39 App. D. C. 494. It there was contended by Beekhuis that
Dunkley was not entitled to make the claims, the ground of the
contention being that he did not rely solely upon water jets as
the peeling means. The court found, however, that the claims
were broadly drawn and that they did not exclude other means.
In the opinion, by the Chief Justice, it was said: "It is to be
observed that none of the counts define the water jets as consti-
tuting the sole peeling means. The counts of the issue are sat-
isfied by a construction in which peeling water jets enter into
the operation of removing the skins, whether they be exclusively
employed to remove the skins or not. And in neither machine
as described and constructed are the water jets shown to be the
exclusive means of peeling." Priority was awarded Dunkley.

It now appears that prior to the interference between Dunk-
ley and Beekhuis there had been an interference between Beek-
huis and Monte, the appellant herein, in which there was a
judgment on the record to the effect that Beekhuis was the orig-
inal inventor of the apparatus. It further appears that the
Beekhuis and Monte patents are owned by the same interests.

On the declaration of the present interference the same sort
of a motion was filed by Monte as was filed in the prior inter-
ference between Dunkley and Beekhuis. The Law Examiner
before whom this motion was heard sustained it. Dunkley ap-
pealed to the Board of Examiners in Chief, where it was con-
tended by Monte that "at the time of making the claims there
was no reason for further limiting them and no reason for defin-
ing the water as being the *only* means for removing the loosened
skin." The Board, one member dissenting, said: "It seems to

be true that there was no art cited which required the limitation of these claims, and we know of no reason why they should now be given a limited interpretation merely because it would enable Monte to avoid the issue of priority." On appeal the Commissioner sustained the Board, saying: "It seems to be clear that the apparatus illustrated by Monte for practising his alleged process is the same as the apparatus of the Beekhuis patent. Whatever suggestions of modification may be contained in the Monte patent specification, the claims cannot be construed as excluding the use of the only apparatus illustrated with which to carry out the process. Therefore, if the Dunkley patent was rightfully in the *Dunkley* v. *Beekhuis* interference, as the court of appeals has held it was, the present Dunkley divisional application is rightfully in the interference at bar." In due course priority on the record thereafter was awarded Dunkley.

In our view, the decision in *Dunkley* v. *Beekhuis* is controlling here. It is a familiar rule that a party will not be permitted to narrow a claim to meet the exigencies of a particular situation. *Kirby* v. *Clements,* 44 App. D. C. 12; *Geltz* v. *Crozier,* 32 App. D. C. 324. In the drawing accompanying his specification Monte shows a shaking table similar to that shown by Beekhuis in the prior interference, and in his specification he says that the fruit, after leaving the solution tank, is to be advanced upon a movable carrier, "which, in practice, is best made of some openwork or reticulated construction, said carrier having either a shaking motion or an endless travel over suitably placed drums at the ends." It thus will be seen that he contemplates either the use of this shaking table, which we held in the prior interference to be substantially equivalent to the Dunkley brushes, or an endless wire belt, which, as the Commissioner suggests, probably would produce about the same effect, owing to the speed at which it is driven, as the shaking table; but whether this latter suggestion is correct or not, we certainly would be going far to rule that Monte intended to exclude the use of the only means actually shown in his apparatus for practising the invention, for it is another familiar rule that in reading a claim for the purpose of construing it, the specification

and drawings must be considered. *Andrews* v. *Nilson,* 27 App.
D. C. 451; *Knapp* v. *Morss,* 150 U. S. 221, 228, 37 L. ed. 1059,
1062, 14 Sup. Ct. Rep. 81. In our view, these claims cannot
be given the narrow interpretation now contended for by Monte.
It follows that the decision of the Commissioner must be af-
firmed.                                      *Affirmed.*

Mr. Justice McCoy, of the Supreme Court of the District
of Columbia, sat with the Court in the hearing and determina-
tion of this appeal, in the place of Mr. Chief Justice SHEPARD.